# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| URIEL FRANCO, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION FILE NO.** |
| ) | |
| STRICTLY TRAILER REPAIR, ) | **JURY TRIAL DEMANDED** |
| INC, and NICKOLOS BASALONE, ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

Plaintiff Uriel Franco ("Plaintiff" or "Franco"), brings this complaint against Defendants Strictly Trailer Repair, Inc. and Nickolos Basalone (Defendant STR and Defendant Basalone) for damages and other relief for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for breach of contract, for quantum meruit, for breach of Plaintiffs' duty of good faith and fair dealing, for attorney's fees, and for interest. Plaintiff worked for Defendants for roughly 18 months until its closure in January 2019. Despite repeated requests to Defendant Basalone, Plaintiff was never compensated for his final two weeks of work, nor for 43 hours of vacation time.

1

## **THE PARTIES**

**1.**

Plaintiff is a resident of Atlanta and was been employed as a terminal manager by Defendants from July 2017 through January 2019.

**2.**

Defendant STR was a foreign for-profit corporation with its principal place of business in Illinois.  Defendant STR formerly operated a business at 1952 Moreland Ave SE, Atlanta, GA 30316.  At relevant times, Defendant STR was engaged in interstate commerce and upon information and belief, had annual sales made or business done in excess of $500,000 and at all relevant times employed at least two persons.  Also, at all relevant times, Defendant STR was an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).  Plaintiff was engaged in work constituting engagement in interstate commerce or work relating thereto.

**3.**

Defendant Basalone was the owner and chief officer of Defendant STR who principal residence is believed to be at 7006 Richmond Ave, Darien, IL 60559. Defendant Basalone had responsibility for compensating plaintiff for the work he performed.

**4.**

Defendant Basalone controlled virtually every aspect of the day to day

operations of Defendant STR, including but not limited to hiring and termination decisions and employee compensation.

## JURISDICTION AND VENUE

**5.**

This Court has jurisdiction of the FLSA claims pursuant to 28 U.S.C. § 1331, and of all other claims under 28 U.S.C. § 1367.

**6.**

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 because Defendant STR resided at 1952 Moreland Ave SE, Atlanta, GA 30316 and Plaintiff was employed by Defendant STR at that location, where substantially all of the acts giving rise to this claim occurred.

## STATEMENT OF FACTS

**7.**

Plaintiff was employed as terminal manager by Defendants.

**8.**

In January 2019, Defendants ceased operations in Atlanta while Plaintiff was in their employ.

**9.**

Plaintiff never received payment for his final two weeks of work, representing $1,900 in unpaid wages.

**10.**

Plaintiff never received payment for paid vacation hours to which he is legally entitled.

**11.**

Plaintiff has on numerous occasions since his employment by Defendant Basalone requested that he be paid the wages due to him.

**12.**

Defendant Basalone did not respond to Plaintiff and then subsequently refused to make payment of the sums due after receiving correspondence from Plaintiff's undersigned counsel.

**13.**

Defendants have still not paid Plaintiff for either his final two weeks of work or for his vacation time.

## COUNT I
## FLSA MINIMUM WAGE VIOLATIONS

**14.**

Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

**15.**

Defendants were at all relevant times employers as defined by 29 U.S.C. § 203 (d).

**16.**

Defendant Strictly Trailer Repair was at all relevant times an enterprise as defined by 29 U.S.C. § 203 (s) (1).

**17.**

Plaintiff was to be compensated in an amount at least equal to the minimum wage as set forth in 29 U.S.C. § 206.

**18.**

Defendants willfully refused to pay Plaintiff a minimum wage for his final two weeks of work in violation of the foregoing code section.

**19.**

Plaintiff is entitled to back pay for liquidated damages in the amount of $580 and attorneys' fees and costs incurred in connection with this claim.

**20.**

As an employer within the definition of 29 U.S.C. § 203 (d), Defendant Basalone is personally liable for any damages awarded in connection with this claim.

## COUNT II

## BREACH OF CONTRACT

**21.**

Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

**22.**

At the outset of their employment relationship, Defendants entered into a legally binding agreement with Plaintiff to compensate him for the work he performed him.

**23.**

At Defendants' direction, Plaintiff worked and was not paid for the last two weeks of his employment representing $1,900 in unpaid wages.

**24.**

At the outset of their employment relationship, Defendants entered into a legally binding agreement with Plaintiff allotting him paid vacation days.

**25.**

By the time of Defendant Strictly Trailer Repair's dissolution, Plaintiff had taken 43 hours of paid vacation in accordance with the foregoing agreement for which he has never been compensated, in the amount of $1,021.25.

**26.**

Defendants breached their contract with Plaintiff to compensate him for the work he performed.

**27.**

Defendants breached their contract with Plaintiff to compensate him for the vacation time he took.

**28.**

Plaintiff seeks all damages arising from Defendants' breach, including interest, costs and attorneys' fees.

## COUNT III
## QUANTUM MERUIT

**29.**

Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

**30.**

Plaintiff rendered valuable services to Defendant for which he was not compensated.

**31.**

Plaintiff is entitled to renumeration for the reasonable value of the work

rendered to Defendants for their benefit under the doctrine of quantum meruit.

## COUNT IV

## VIOLATION OF COVENANT OF GOOD FAITH AND FAIR DEALING

**32.**

Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

**33.**

Defendants had knowledge of their contractual duty to remunerate Plaintiff in accordance with their contract.

**34.**

In numerous subsequent communications between both Plaintiff and Defendant Basalone, and Defendant Basalone and Plaintiff's counsel, Defendant Basalone acknowledged his obligation to compensate Plaintiff for the work which forms the basis of this claim, but nevertheless refused to do so.

**35.**

Defendants have violated their duties of good faith and fair dealing with regard to the contract at issue and are liable to Plaintiff for all damages, including interest, attorneys' fees and costs incurred in connection with this claim.

## COUNT V

## EXPENSES OF LITIGATION

**36.**

Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

**37.**

Plaintiff seeks an award of all expenses of litigation under O.C.G.A. § 13-6-11.

**38.**

Defendants have acted in bad faith, has been stubbornly litigious, and has caused the Plaintiff unnecessary trouble and expense by refusing to pay what Defendants clearly owe.

## COUNT VI

## INTEREST

**39.**

Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

**40.**

Plaintiff is entitled to and seeks interest on the amounts due at the time of termination of his employment ($2,921.25) under O.C.G.A. § 13-6-13 at the legal

rate of interest.

**WHEREFORE** Plaintiff requests judgment in its favor on each count in this Complaint and demands:

1. A Jury Trial;

2. Judgment in Plaintiff's favor and against Defendants under all claims in this Complaint;

3. Order Defendants to make whole Plaintiff by providing him with out-of-pocket losses as well as back pay in an amount equal to the sum of wages, all in an amount to be proven at trial;

4. Statutory damages and penalties under the FLSA;

5. Grant Plaintiff liquidated and punitive damages for Defendants' willful and intentional violations;

6. Grant Plaintiff his reasonable attorney's fees and all other fees and costs associated with this action;

7. Prejudgment interest; and

   Such other and further relief as is just and proper.

This 25th day of June, 2020,

> */s/ James M. McCabe*
> James M. McCabe
> Georgia Bar No. 724618
> The McCabe Law Firm, LLC
> 3355 Lenox Road
> Suite 750
> Atlanta, GA  30326
> Office: (404) 250-3233
> Fax: (404) 400-1724
> jim@mccabe-lawfirm.com
>
> Attorney for Plaintiff